UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELANIE SCHMALZ, | ) |
|     Plaintiff, | ) Case No. 1:24-cv-04410 |
| v. | ) |
| TK BEHAVIORAL, LLC, | ) |
|     Defendant. | ) |

## COMPLAINT

**NOW COMES** Melanie Schmalz ("Plaintiff"), by and through her undersigned counsel, complaining of TK Behavioral, LLC ("Defendant") as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings this action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq.*, seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the ADA is a federal statute.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

### ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the ADA have been satisfied.

5. A charge of employment discrimination on the basis of disability and retaliatory

discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights. *See* attached Exhibit A.

6. Plaintiff received a Notice of Right to Sue from the EEOC and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. *See* attached Exhibit B.

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Willowbrook, Illinois.

8. Defendant operates a residential and outpatient treatment center in Lemont, Illinois for women and adolescent girls who are struggling with eating disorders, addiction, depression, and trauma.

9. Plaintiff was employed by Defendant at its Lemont, Illinois facility.

10. Plaintiff was employed by Defendant as an "employee" as that term is defined by the ADA.

11. During the relevant time period, Defendant had at least fifteen employees, was an "employer" as defined by ADA, and was engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## FACTUAL ALLEGATIONS

12. Plaintiff was employed by Defendant as a behavior health associate from on or around March 15, 2023 until her unlawful termination on June 17, 2023 on the basis of her disability.

13. As a behavior health associate, Plaintiff's duties included, but were not limited to, the following:

- Ensuring the well-being of patients;
- Conducting safety checks;
- Documenting timely, accurate and appropriate clinical information; and
- Assisting patients with daily living.

14. Plaintiff suffers from celiac disease, a recognized disability under the ADA.

15. Celiac disease is a chronic autoimmune disorder that affects the small intestine and causes an intolerance to gluten.

16. When someone with celiac disease eats gluten, their immune system attacks the villi, which are small bumps in the small intestine that help the body absorb nutrients.

17. Without the villi, the small intestine cannot get enough nutrients, which can lead to digestive symptoms or other health issues, including anxiety.

18. Plaintiff also suffers from anxiety, epilepsy, and attention-deficit/hyperactive disorder, which are all recognized disabilities under the ADA.

19. Accordingly, Plaintiff is a member of a protected class under the ADA.

20. Plaintiff's celiac disease requires Plaintiff to avoid specific foods in order to avoid disability-related flare-ups.

21. As a result of Plaintiff's disability, Plaintiff's major life activities are impacted.

22. Regardless of Plaintiff's disability, Plaintiff could and did perform the essential functions of her job with or without accommodations.

23. At all times relevant, Plaintiff met Defendant's work expectations.

24. Defendant required employees to eat food provided by the facility's cafeteria, which contained ingredients that would cause Plaintiff disability related flare-ups.

25. Shortly after hire, Plaintiff disclosed her disability to Defendant and requested

3

accommodations for the same (being able to bring her own lunch).

26. From the beginning of Plaintiff's employment, Plaintiff was forced to endure conditions that contributed to and exacerbated Plaintiff's disability-related flare-ups.

27. Plaintiff, needing to avoid specific ingredients/products, asked for an accommodation to allow her to bring her own lunch.

28. Plaintiff repeatedly notified her supervisors Emilia Gonzalez and Emily (LNU) of her disability and repeatedly requested an exemption that would allow Plaintiff to bring her own food.

29. Plaintiff's repeated requests for a reasonable accommodation (bringing her own lunch) were denied.

30. For example, on some occasions, in response to Plaintiff's request to bring her own food, Emily would roll her eyes at Plaintiff or respond by stating "I already told you" referring to Defendant's refusal to accommodate Plaintiff's disability.

31. Despite Plaintiff' repeated requests for an accommodation, her pleas fell on deaf ears and Plaintiff was forced to eat food that caused painful disability-related flare-ups.

32. On or around June 17, 2023, Plaintiff was terminated after having to call off of work due to a disability-related flare up that was caused by Defendant's failure to accommodate Plaintiff's disability.

33. Defendant's decision to terminate Plaintiff's employment was not based on Plaintiff's work performance but was instead solely based on Plaintiff's disability and Plaintiff's invocation of her rights under the ADA.

34. At no point in time did Defendant engage in an interactive process to determine if

a reasonable accommodation would be feasible.

35. Instead of engaging in an interactive process to determine whether a reasonable accommodation would be feasible, Defendant terminated Plaintiff's employment due to her disability and for engaging in protected activity (requesting an accommodation).

## DAMAGES

36. Plaintiff suffered an adverse employment action in the form of termination.

37. As a result of Defendant's conduct, Plaintiff suffered damages, including: loss of employment, loss of income, pain and suffering from being forced to eat food that triggered her disability-related symptoms, financial hardship, loss of employment benefits, mental anguish, exacerbation of other disabilities (anxiety, etc.), and loss of enjoyment of life.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

38. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

39. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the ADA.

40. As set forth above, Plaintiff met or exceeded performance expectations.

41. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

42. Defendant discriminated against Plaintiff on the basis of her disability by terminating Plaintiff's employment as a result of her disability.

43. As set forth above, Defendant terminated Plaintiff after she repeatedly requested a disability-based accommodation and therefore discriminated against Plaintiff solely based on

5

her disability.

44. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA and Plaintiff's rights under the ADA.

45. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT II
### Violations of the Americans with Disabilities Act
### (Failure to Accommodate)

46. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

47. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of ADA.

48. Plaintiff is a qualified individual with a disability.

49. Defendant was aware of Plaintiff's disability and need for accommodations.

50. Defendant failed to engage in an interactive process to determine the appropriate accommodation after Plaintiff repeatedly requested a reasonable accommodation.

51. Accommodation of Plaintiff's reasonable request to bring her own food would not have imposed an undue burden on Defendant.

52. Defendant failed to accommodate Plaintiff's disability by repeatedly rejecting Plaintiff's requests for an exemption that would allow her to bring her own food to work.

53. Instead of granting Plaintiff's reasonable accommodation request, Defendant instead terminated Plaintiff's employment.

54. Defendant acted in willful and/or reckless disregard of Plaintiff's rights under the ADA.

55. As set forth above, Plaintiff suffered damages as a result of Defendant's failure to accommodate Plaintiff's disability.

## COUNT III
### Violations of the Americans with Disabilities Act
### (Retaliation)

56. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

57. During Plaintiff's employment with Defendant, Plaintiff invoked her rights under the ADA by requesting a reasonable accommodation for her disability.

58. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the ADA.

59. Defendant retaliated against Plaintiff for exercising her rights under the ADA by terminating Plaintiff's employment.

60. Plaintiff suffered an adverse employment action in the form of termination in retaliation for engaging in protected activity.

61. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights under the ADA.

62. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful retaliation.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests the following relief:

    a. Back pay with interest;

    b. Front pay;

    c. Liquidated damages;

    d. Compensatory and punitive damages;

    e. Reasonable attorney's fees and costs;

    f. An award of pre-judgment interest if applicable; and

g.    An award of any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: May 29, 2024                                             Respectfully submitted,

                                                                       */s/ Mohammed O. Badwan*
                                                                       Mohammed O. Badwan
                                                                       SULAIMAN LAW GROUP, LTD.
                                                                       2500 South Highland Avenue
                                                                       Suite 200
                                                                       Lombard, Illinois 60148
                                                                       (630) 575-8180
                                                                       mbadwan@sulaimanlaw.com